No. 10,795.

SHOEMAKER v. DICKINSON.

Decided November 10, 1924.

Action for services rendered. Judgment for defendant.

*Affirmed.*

1. CONTRACT—*Correspondence.* Action of the trial court in finding that letters between the parties did not constitute a contract of employment, either express or implied, upheld.

2. MASTER AND SERVANT—*Bad Faith.* Plaintiff made settlement of a claim of defendant against the city of Denver, receiving therefor the warrant of the city, which he returned to the city and attached in a suit against defendant for services in making the collection. Judgment of the trial court that plaintiff acted in bad faith, and was not entitled to compensation for the service performed, affirmed.

3. APPEAL AND ERROR—*Court Findings.* Findings of the trial court supported by competent evidence, are binding on the reviewing court.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. CHARLES F. MILLER, for plaintiff in error.

Mr. HAROLD F. COLLINS, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF in error Shoemaker, as plaintiff below, brought this action to recover of defendant the sum of $716.87. This sum was made up of loans and advances made by plaintiff to, and of work and labor done by him for, the defendant. Included therein was an item of $100.00 for time and services in collecting an account due the defendant from the City and County of Denver in which plaintiff was engaged for a period of twenty days at $5.00 per day. The plaintiff, before the trial, by amendment to his complaint, excluded all the items of indebtedness except the one of $100.00. Upon the issues joined by the answer, denying any indebtedness, there was a trial to the court without a jury. At the close of plaintiff's evidence the court, without hearing from the defendant, found the issues in defendant's favor and discharged the writ of attachment theretofore issued and dismissed the action.

There was no express contract between the plaintiff and the defendant for payment of the alleged services in collecting this account. If the defendant is liable, it is as the result of correspondence between the parties. The plaintiff had acted as the agent of the defendant in selling weather strips on a commission basis and had sold to the city of Denver weather strips to the amount of $924.00 and the commissions thereon due to the plaintiff were paid to him by the defendant. Thereafter the city claimed a refund of about $130.00 because the county jail had not been fully equipped as the contract of sale called for. The defendant wrote to the plaintiff that he would appreciate any effort he might make to reach a settlement of the account with the city. It was for plaintiff's services in attempting to make this settlement and collecting the account due from the

city that he asks as compensation the $100.00 sued for. The settlement was made by giving credit to the city of the refund asked, and a city warrant for the account, less the refund agreed upon, was drawn in favor of the defendant and given to the plaintiff. Plaintiff afterwards, without defendant's knowledge or consent, turned the warrant back to the city and brought suit against the defendant, a nonresident, and attached or garnished this warrant in the hands of the city, which was applied to the payment of the default judgment which the plaintiff recovered in that action. The district court, at the close of the evidence in the instant case, said that the services of the plaintiff, in attempting to collect from the city, were purely gratuitous or voluntary with no expectation by plaintiff of collecting, and no intention on the part of defendant, as shown by the writings in evidence, of paying therefor. The court, in effect, further held that the plaintiff, as matter of fact, did not make the collection for the defendant, but was guilty of bad faith after he received from the city a warrant drawn in favor of the defendant, in turning it back to the city and attaching it for his own benefit. We have examined the letters in evidence upon which the plaintiff relies to show an implied contract and we cannot say that the district court was wrong in holding that neither an express nor an implied contract was entered into by the parties. Nor can we say, if there was a contract of employment, that plaintiff was entitled to a recovery. It is true, as plaintiff contends, there was no allegation of fraud in the answer, and no attempt by the defendant to produce evidence of fraud or bad faith, on the part of the plaintiff, but the plaintiff's own evidence, admitted without objection, discloses, as the trial court found, that plaintiff did not in good faith, or at all, perform the alleged contract for services and, therefore, was not entitled to compensation. There was evidence to support the findings of the trial court and, under our practice in such circumstances, we are bound thereby.

The appropriate principle of law being applied thereto, the judgment must be, and it is, affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.